ORIGINAL

**FILED**

11/10/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0533

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0533

ATLANTIC SPECIALTY INSURANCE
COMPANY,

Petitioner,

v.

EIGHTEENTH JUDICIAL DISTRICT COURT,
THE HONORABLE RIENNE H. McELYEA,
DISTRICT JUDGE,

Respondent.

**FILED**

NOV 1 0 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Petitioner Atlantic Specialty Insurance Company (ASIC) seeks a writ of supervisory control directing the Eighteenth Judicial District Court, Gallatin County, to reverse its Order granting partial summary judgment to Don Daniels, as Conservator of the Estate of Sarah Daniels, Plaintiff in the District Court's Cause No. DV 18-17B. In that Order, the District Court granted partial summary judgment in Daniels's favor and denied ASIC's cross-motion for summary judgment, ruling that ASIC could not rely on the statutory cap of $750,000 found in § 2-9-108(1), MCA, because the exception provided for in § 2-9-108(3), MCA applied. In its Petition, ASIC alleges that it has already paid Daniels $750,000 on behalf of its insured, Gallatin County, under the statutory cap. It argues that if this Court reverses the District Court's ruling, the trial is unnecessary as Daniels will be unable to recover additional damages.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or, in a criminal case, the other court has granted or denied a

motion to substitute a judge. M. R. App. P. 14(3). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted). Consistent with Rule 14(3), it is the Court's practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g., Buckles v. Seventh Judicial Dist. Court*, No. OP 16-0517, 386 Mont. 393, 386 P.3d 545 (table) (Oct. 18, 2016); *Lichte v. Mont. Eighteenth Judicial Dist. Court*, No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (table) (Aug. 24, 2016).

Here, ASIC asserts that the District Court is operating under an error of law and that the issue is purely one of law that is causing a gross injustice. ASIC further argues that appeal is an inadequate remedy because Gallatin County will have been forced to bear the publicity, burden, and expense of a trial even if ASIC ultimately prevails on appeal. However, this Court has held that conserving resources, without more, is insufficient grounds to justify supervisory control where a party can seek review of the lower court's ruling on appeal and there is no evidence that relief on appeal would be inadequate. *Yellowstone Elec. Co. v. Mont. Seventh Judicial Dist. Court*, No. OP-19-0348, 397 Mont. 552, 449 P.3d 787 (table) (Aug. 6, 2019). This is not a case where allowing a lower court's ruling to stand would, in and of itself, cause irreparable harm. *E.g. Barrus v. Mont. First Judicial Dist. Court*, 2020 MT 14, ¶ 22, 398 Mont. 353, 456 P.3d 577 (defendant would have no adequate remedy of appeal if he were involuntarily medicated prior to appellate review of lower court's order allowing involuntary medication); *Park v. Mont. Sixth Judicial Dist. Court*, 1998 MT 164, ¶¶ 15-16, 289 Mont. 367, 961 P.2d 1267 (supervisory control appropriate regarding court order requiring criminal defendant to submit to mental evaluation and answer questions related to the charges against him because appeal cannot restore constitutional right not to be a witness against oneself). Rather it is a case where the potential harm is an exterior consequence of the litigation, and not harm directly caused by the ruling itself.

2

Moreover, ASIC does not assert that it would suffer any harm if this matter were to proceed to trial; rather, it argues that other defendants in this matter, who have their own legal representation, would suffer harm.[1] As set forth above, it is this Court's practice to refrain from exercising supervisory control when the petitioner has an adequate remedy on appeal. We see no reason why ASIC, the petitioner, would be unable to seek review of the District Court's ruling on appeal, nor why any relief it obtained from that ruling via appeal would be inadequate.

Therefore,

IT IS ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Eighteenth Judicial District Court, Gallatin County, Cause No. DV 18-17B, and the Honorable Rienne H. McElyea, presiding Judge.

DATED this __10__ day of November, 2020.

Justices

---

1 ASIC represents in its petition that Gallatin County does not oppose ASIC's petition; however, Gallatin County is not seeking a writ itself.